25CA1996 Peo in Interest of CE 04-30-2026

COLORADO COURT OF APPEALS

Court of Appeals No. 25CA1996
El Paso County District Court No. 23JV30741
Honorable Diana May, Judge

The People of the State of Colorado,

Appellee,

In the Interest of C.E., Jr. and C.C., Children,

and Concerning A.C.,

Appellant.

JUDGMENT AFFIRMED

Division VI
Opinion by JUDGE SCHOCK
Grove and Yun, JJ., concur

**NOT PUBLISHED PURSUANT TO C.A.R. 35(e)**
Announced April 30, 2026

Kenneth R. Hodges, County Attorney, Amy C. Fitch, Assistant County Attorney, Colorado Springs, Colorado, for Appellee

Josie L. Burt, Guardian Ad Litem

The Morgan Law Office, Kristofr P. Morgan, Colorado Springs, Colorado, for Appellant

¶ 1    A.C. (mother) appeals the judgment terminating her parent-child legal relationships with C.C. and C.E., Jr. (the children).  She contends that the juvenile court erred by finding that the El Paso County Department of Human Services made reasonable efforts to rehabilitate her and reunite her with the children.  We affirm.

## I.    Background

¶ 2    The Department filed a petition in dependency and neglect after mother was arrested and the children were found in a stolen vehicle with loaded firearms and drug paraphernalia.  The petition also alleged that mother had been leaving the children home alone unsupervised for days at a time in hazardous living conditions.

¶ 3    Mother did not contest the factual basis for the petition, and the juvenile court adjudicated the children dependent and neglected.  The court adopted a treatment plan for mother that required her to address her substance abuse, participate in regular visitation with the children, provide a safe and stable living environment for the children, and avoid any new criminal activity.

¶ 4    More than a year and a half after the petition was filed, the Department moved to terminate mother's parental rights.  After an evidentiary hearing, the juvenile court granted the motion.  As

relevant to this appeal, the court found that the Department "used reasonable efforts to arrange visitation that would work around the parent[s'] schedule." But mother had not substantially complied with visitation and had not seen the children in more than a year.

## II. Applicable Law and Standard of Review

¶ 5    To terminate a parent-child legal relationship, the juvenile court must find by clear and convincing evidence that (1) the child has been adjudicated dependent and neglected; (2) the parent has not reasonably complied with an appropriate, court-approved treatment plan or the plan has not been successful; (3) the parent is unfit; and (4) the parent's conduct or condition is unlikely to change within a reasonable period of time. § 19-3-604(1)(c), C.R.S. 2025.

¶ 6    In determining whether a parent is unfit, the court must consider whether a department of human services has made reasonable efforts to rehabilitate the parent. §§ 19-3-604(2)(h), 19-3-100.5(1), C.R.S. 2025. Reasonable efforts means the "exercise of diligence and care." § 19-1-103(114), C.R.S. 2025. This standard is satisfied by the provision of services in accordance with section 19-3-208, C.R.S. 2025, including, as relevant in this case, family time services. §§ 19-1-013(114), 19-3-208(2)(b)(IV).

2

¶ 7    In determining whether a department satisfied its reasonable efforts obligation, the juvenile court should consider whether the services were "appropriate to support the parent's treatment plan." *People in Interest of S.N-V.*, 300 P.3d 911, 915 (Colo. App. 2011). But the parent is ultimately responsible for using those services to obtain the assistance needed to comply with the plan. *People in Interest of J.C.R.*, 259 P.3d 1279, 1285 (Colo. App. 2011). And the court may consider a parent's unwillingness to participate in treatment in determining whether the department made reasonable efforts. *See People in Interest of A.V.*, 2012 COA 210, ¶ 12.

¶ 8    Whether a department of human services satisfied its obligation to make reasonable efforts is a mixed question of fact and law. *People in Interest of A.S.L.*, 2022 COA 146, ¶ 8. We review the court's factual findings for clear error but review de novo its legal determination based on those findings as to whether the department made reasonable efforts. *Id.* The credibility of the witnesses; the sufficiency, probative value, and weight of the evidence; and the inferences and conclusions to be drawn from the evidence are all matters within the juvenile court's discretion. *People in Interest of A.J.L.*, 243 P.3d 244, 249-50 (Colo. 2010).

### III. Reasonable Efforts

¶ 9 Mother's sole contention is that the juvenile court erred by finding that the Department made reasonable efforts because it did not provide her with adequate family time services. We disagree.

¶ 10 Initially, the Department and the guardian ad litem assert that mother failed to preserve this issue by failing to challenge the reasonableness of the Department's efforts before the termination hearing. There is a division split on this issue. *Compare People in Interest of D.P.*, 160 P.3d 351, 354-55 (Colo. App. 2007) (holding that a parent waives the right to challenge reasonable efforts on appeal by failing to bring any perceived deficiency in department's efforts to the juvenile court's attention) *with S.N-V.*, 300 P.3d at 913-18 (holding that appellate court may consider challenge to reasonable efforts not raised before termination hearing). We also note that mother did raise concerns about family time scheduling multiple times throughout the case. But we need not decide whether mother preserved her reasonable efforts argument because, even assuming that she did, we discern no basis for reversal.

¶ 11 The juvenile court found that the Department made reasonable efforts to provide mother with family time services.

4

Specifically, the court found that the Department worked to coordinate family time with mother's schedule, but mother's attendance was "sporadic at best," and she "made no efforts to follow through with visitation." The record supports that finding.

¶ 12 Mother points out that she raised concerns about the scheduling of family time multiple times throughout the case. But the record shows that family time was first delayed because mother did not sign the required release of information. Then, once family time began, it was repeatedly interrupted by the providers' closure of referrals due to mother's lack of communication and attendance.

¶ 13 The caseworker testified that the Department offered mother a range of family time options that best accommodated the children's, the placement's, and mother's schedules. When mother continued to raise scheduling concerns, the caseworker repeatedly reached out to her to discuss alternative solutions. But mother did not reply to these inquiries for nearly three months. And when she did respond, she failed to answer the caseworker's questions before again discontinuing communication. By the time of the termination hearing, mother had not seen the children for more than a year.

¶ 14    Mother testified that she was unable to attend family time because the times offered by the Department conflicted with her work schedule.  But the juvenile court found this testimony — as well as mother's attempt to place blame on the placement or family time providers — incredible.  The court instead found credible the caseworker's testimony that the providers were "willing to work with [mother]" on scheduling but that mother did not respond and had responded only once all year.  Credibility determinations are within the juvenile court's discretion.  *See A.J.L.*, 243 P.3d at 249-50.

¶ 15    Mother also suggests that the limited family time amounted to an improper restriction or denial of family time that required a hearing or emergency order under section 19-3-217(3), C.R.S. 2025.  But neither the court nor the Department ever restricted or denied family time.  Rather, as explained above, the court found, with record support, that the Department made reasonable efforts to provide mother with family time and that any failure of those efforts resulted from mother's lack of communication and follow-through.

¶ 16    Thus, because the record supports the juvenile court's findings, we discern no error in its conclusion that the Department made reasonable efforts to rehabilitate mother.  *See A.S.L.*, ¶ 8.

## IV. Disposition

¶ 17 The judgment is affirmed.

JUDGE GROVE and JUDGE YUN concur.